## LAY v. GIBBONS *et al.*

1. SALE IN PARCELS. A sale of several distinct parcels of land described in one mortgage in the foreclosure thereof, constitutes sufficient ground for setting the sale aside, and ordering a resale. (*Boyd* v. *Ellis*, 11 Iowa, 97, and the cases therein cited; *Grapengether* v. *Fejervary*, 9 Id., 163; *Singleton* v. *Scott*, Id., 589; *Bradford* v. *Limpus*, 13 Id., 424.)

2. SALE OF HOMESTEAD IN FORECLOSURE. Where a mortgage embraces several distinct tracts of land, one of which is the homestead of the mortgagor, the homestead should be sold in foreclosure, only to supply the deficiency remaining after exhausting the other property mortgaged.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 24.

GIBBONS and wife, on the 16th of July, 1857, made their mortgage with power of sale to complainant to secure near $800. This mortgage was upon three distinct tracts of land, including the homestead of the mortgagors. Subsequently Gibbons made two mortgages to his correspondents, Hammond and O'Neil & McNulty. In these the wife did not join. After this, complainant filed his bill in equity to foreclose his mortgage, making Gibbons and wife parties respondents. The wife was not served, however. A decree was entered, by consent, against Gibbons, for the amount found due and for a foreclosure of the mortgage. A special execution issued, under which the lands were sold "in a lump" to complainant, for a little more than

VOL. XIV.—48

one-third of their admitted value.   Complainant now files
this bill against the mortgagor and wife and the subsequent
mortgagees to quiet his title.   The cause was heard on bill,
answers, cross-bills and answers thereto, as also certain
admitted facts; and a decree entered ordering a re-sale of
the premises paying from the proceeds, first, the amount
of complainant's demand, and then to the other mortgagors,
according to the priority of their liens.   The decree also
directed the sale of the homestead only after the other
mortgaged property was exhausted.   Complainant appeals.

*Griffith & Knight* for the appellant.

*Wiltse & Blatchley* and *O'Neil & McNulty* for the appellees.

WRIGHT, J.—Whether the subsequent mortgagors were
necessary parties to the bill of complainant to foreclose;
whether such foreclosure and sale barred them of all right
to redeem; whether the execution of the mortgage by the
wife cut off all claim on her part of dower or other interest
in the land; whether she not being a party to the original
action, could to this plead usury, the homestead exemption,
or other like defenses; we say whatever answer might be
given to these and other important questions raised by
counsel, we should still feel constrained to affirm this
decree.

It will be observed that the Court set aside the sale under
the special execution and ordered the premises to be
re-exposed, and from the proceeds complainant is to be first
paid his entire demand (as also the costs of foreclosure), the
surplus, if any, going to the junior mortgagees.   And the
complainant having asked the Court to quiet his title, and
respondents by their cross-bills having prayed affirmative
relief, it was entirely competent for the Court to order such
re-sale, for two reasons.   *First.* The property was sold " in
a lump " and not in parcels, *Boyd* v. *Ellis*, 11 Iowa, 97, and

the cases there cited; *Singleton* v. *Scott*, Id., 589; *Grapen-gether* v. *Fejervary*, 9 Id., 163; *Bradford* v. *Limpus*, 13 Id., 424. *Second.* A portion of the property sold was the homestead of the mortgagors, and as such it should not, in the language of the law, have been sold, "except to supply the deficiency remaining after exhausting the other property of the debtor, which is (was) liable to execution," Revision of 1860, § 2281. Whether complainant's title would have been vitiated for this reason, in an action of right, or any collateral proceeding, we need not, of course, determine. As the record stands (under the cross-bill), this is a direct proceeding to set aside the sale. And that the Court did not err in ordering a resale, under the circumstances, is to our minds quite clear.

Affirmed.