Johnson v. Hovey.

accept service of notice of appeal by the state. The service must be personal, or, in case the defendants can not be found, by posting in the office of the clerk of the district court.

## Appeal from Neosho District Court.

THIS case involves a single question of practice. *The State* undertook to appeal from a decision of the district court made in a criminal cause. The appellees having failed to appear the question is, has this court jurisdiction of the case?

---

## GEORGE E. JOHNSON v. SUSAN F. HOVEY, *et al.*

1. PRACTICE—*Construction of Proceedings by Reviewing Court.* When the proceedings of an inferior court are equally open to two different constructions, the supreme court will put the same construction on such proceedings, when examining the same on petition in error, as the inferior court did. And where the construction given to such proceedings by the inferior court seems to be the correct one, the supreme court will sustain such construction. It always devolves upon the plaintiff in error to show affirmatively (if he so claims) that the inferior court construed its own proceedings erroneously.

2. SHERIFF SALE—*Sales in Gross.* A sheriff's sale of two separate lots, made in gross, though not void, is irregular and voidable, and may be set aside on motion of the judgment debtor.

*Error from Neosho District Court.*

IN an action to foreclose a mortgage, executed by *Susan F. Hovey* and her husband, judgment was rendered in favor of .*Johnson* for the sale of the mortgaged premises consisting of eighty acres of land in Allen county, and lots No. 7 and 9, in block 13 in the city of Osage Mission, in Neosho county. .An order of sale was issued to the sheriff of Allen county, but for want of bidders the land there situate was not sold. An order of sale was issued to the sheriff of Neosho county ·commanding him to cause said lots No. 7 and 9 "to be .appraised, advertised, and sold according to law." This order was returned by the sheriff to whom it was directed, with the following return thereon:

"Received this order of sale September 27th 1870, and according to the command thereof I did on the 28th of said .September summon D. S., P. M. S., and J. M. R., three disinterested householders of said county of Neosho, and administered to them an oath impartially to appraise the property so ordered sold, to wit, lots No. 7 and 9 in block 13 in the Town of Mission, in said county, as described in the plat of the Mission Town Company upon actual view thereof; and afterwards, on the same day, the same appraisers returned to me in writing their valuation of said lots as .above described, which I deposited with the clerk of the district court on the 13th of October 1870; and thereupon on said 28th day of September 1870 I caused a notice to be published in the *Mission Journal*, a newspaper printed in said county of Neosho, and of general circulation therein, (which notice and affidavit of publisher are hereto attached .and made part hereof,) that I would offer for sale the said lots as above described at the court house door in the town of Erie, in said county, on the 29th day of October, 1870, at 10 o'clock A. M. of said day; and at the time and place .stated in said notice I offered said lots for sale at public auction, and sold the same to Jonathan Daniell for the sum of eleven hundred dollars, he being the highest bidder therefor, and that sum being more than two-thirds the appraised value .thereof. Witness my hand this 5th of November, 1870.

"M. BARNES, *Sheriff of Neosho county, Kas.*"

The sheriff filed with his return, and as part thereof, a

copy of said notice, with proof of publication. Plaintiff *Johnson* filed a notice to confirm, and defendants *Hovey* filed a motion to set aside said sale. These motions were heard together, at the July Term 1871. The court set the sale aside. *Johnson* excepted, and now brings the case here on error.

*W. S. Carroll*, for plaintiff in error. No brief on file.

*W. A. Johnson*, for defendants in error:

1. A sale of several distinct parcels of land under a decree of foreclosure of a mortgage as one tract or parcel, is in violation of the defendants' rights, and should be set aside. 14 Iowa, 377; 1 Nebraska, 409. The appraisement and sale of separate parcels of land together, as one parcel, is a sufficient cause for setting aside a sheriff's sale. Sency's Code, 354; 18 Iowa, 74; 21 id., 438; 25 id., 409; 1 Nebraska, 409.

There were two separate and distinct parcels of land sold by the sheriff, as shown by his order, and return thereof, two legal subdivisions which should have been appraised and sold separately. 1 Nebraska, 409; 13 Iowa, 429.

2. A superior court will not reverse the judgment of an inferior court, without the record shows affirmatively not only that error was committed by the court below, but the party seeking to take advantage of it must be prejudiced by the judgment of such court. 6 Ohio St., 294; 10 id., 563. It is not every error that is a cause for a reversal of a judgment. The error complained of must materially affect the substantial rights of the party. Civil code, § 304; 2 Kas., 495; 5 Kas., 425.

The opinion of the court was delivered by

VALENTINE, J.: The only question in this case is, whether the court below erred in refusing to confirm a sheriff sale, and in setting aside the same. The principal objection urged against the sale is, that it was a sale of two separate town lots in gross, and not separately. The return of the sheriff is perhaps open to two or more different constructions: First, it

may be claimed that the said town lots were adjacent, and composed, taken together, only one tract of land; or it may be claimed that they were not adjacent, that one or more other lots intervened between them, and that they composed two separate tracts of land. Second, it may be claimed that the sheriff sold the lots separately, or it may be claimed that he sold them both together. Now, if the return of the sheriff is fairly open to two different constructions, we suppose the sale ought to have been set aside. In Ohio it has been decided that "Where an appraisement or sale is fairly susceptible of two interpretations, if the variance is material, the court would be justified, generally, in setting the same aside and ordering a re-sale." *Ohio Life Ins. and Trust Co. v. Goodin,* 10 Ohio St., 557. In this case the court below undoubtedly construed the return of the sheriff as showing that the said lots were separate parcels of land, and that they were sold together or in gross. If the proceedings were equally open to two different constructions we would put the same construction upon such proceedings as the record shows that the court below did; and where the construction given by the court below seems to be the correct one, we would certainly sustain that construction. As a rule the court below can know better what construction to put upon its own proceedings—the proceedings of itself and its own officers—than we can. And it will always devolve upon the plaintiff in error to show affirmatively (where he so claims,) that the court below put the wrong construction upon such proceedings. Such has not been shown in this case. As an original proposition we think the court below was right. The lots were in the same block, but they were not numbered consecutively. They were numbered seven and nine respectively, which would seem to indicate that they were not adjacent to each other but that there was at least one other lot intervening between them. The sheriff's return uses the following language: "I offered said lots for sale at public auction and sold the same to Jonathan Daniell for the sum of eleven hundred dollars, he being the highest bidder therefor, and that sum

being more than two-thirds the appraised value thereof." The return of the appraisement, which we do not quote, clearly shows that the appraisement was made in gross, and not for each lot separately. This we think clearly shows that the lots were sold in gross and not separately. The whole record is entirely consistent with this construction. According to the authorities a sale thus made, though not void, is nevertheless irregular, and voidable, and may be set aside on motion of the judgment-debtor or other person aggrieved thereby: *Laughlin v. Schuyler*, 1 Nebraska, 409; *Bradford v. Limpus*, 13 Iowa, 424; *Lay v. Gibbons*, 14 Iowa, 377; *White v. Watts*, 18 Iowa, 74; *Cunningham v. Cassidy*, 17 N. Y., 276; *Bunker v. Rand*, 19 Wis., 253.

In this case the motion to set aside the sale was made by the judgment-debtor, and the question may be asked how could the court below know that he was aggrieved or injured without any special proof of the same? We think that it must be presumed from the sale itself, without such special proof, that injury resulted to the judgment-debtor. It can hardly be supposed that lots separated from each other could be sold so advantageously to the judgment-creditor if sold in gross as if sold separately. Many persons might want to bid on one lot that would not want to bid on the other, or on both. The lots should be so offered for sale as would invite the fullest and freest competition. Offering lots adjoining each other for sale in gross might in some cases accomplish this; but offering lots separated from each other for sale in gross could hardly do so under any circumstances.

We do not think that it is necessary to consider the other points made by counsel for defendant in error. The order of the court below setting aside the sheriff sale is affirmed.

All the Justices concurring.