| 10 | 639 |
| 67 | 859 |

EDWARD H. KIRBY, *et al.*, v. DANIEL CHILDS.

1. REDEMPTION LAW; *Decree; Practice.* If under a mortgage executed during the existence of the redemption law, the right to redeem exists, a decree which simply directs a sale of the mortgaged premises, and does not attempt to cut off the right of redemption, is good; and it is unnecessary to insert therein a clause specifically reserving such right.

2. DECREE, *Ordering Sale of Mortgaged Premises; Several Parcels.* Where more than one piece of property is included in the mortgage, and no special application is made to the district court to prescribe the order or manner of sale, a general command to sell the property mortgaged to satisfy the judgment and costs is sufficient, and an omission to insert, "or so much thereof as may be necessary," will not be adjudged error.

3. JUDGMENT *in Personam; Wife of Mortgagor.* A personal judgment for money against a wife who did not sign the note, but simply joined with her husband in executing the mortgage, is improper.

4. MOTION FOR NEW TRIAL; *Newly-Discovered Evidence.* Where a motion for a new trial is made on the ground of newly-discovered evidence, and none of the testimony offered on the trial is preserved, it is impossible for this court to say that such newly-discovered evidence is not merely cumulative.

*Error from Miami District Court.*

On October 12th 1867 *Edward H. Kirby* and *Harriet R.*, his wife, executed to *Childs* their mortgage upon 231 acres of land in Miami county to secure the payment of two notes for $2,000, signed by said *Edward H. Kirby.* A portion of the mortgage debt remaining unpaid *Childs* filed his petition to foreclose said mortgage. Defendants in the court below set up payment of the notes and mortgage in full. Reply filed denying payment. The case tried before a jury at the May Term 1872. Verdict for plaintiff for $751.63. The journal entry of the trial, after the verdict of the jury, is as follows:

"It is thereupon considered, ordered, and adjudged by the court, that the said plaintiff have and recover of the *defendants* the sum of $751.63, in manner and form aforesaid assessed, together with his costs in this behalf expended, taxed at $31.10; and it is further ordered, adjudged and decreed, that in case the said defendants shall fail for ten

days from the close of present term of court to pay to the plaintiff the said sum of $751.63, and costs of suit, that an order issue to the sheriff of Miami county commanding him to appraise, advertise and sell the real estate described in the plaintiff's petition, to-wit, [describing the lands as two distinct parcels,] in satisfaction of the sum so found due the plaintiff with costs of suit."

New trial refused, and *Kirby* and wife bring the case here on error for review.

*Wagstaff & Touslay*, for plaintiffs in error:

1. As the pleadings show that the mortgage in question was executed on October 12th 1867, the plaintiffs in error have a right and equity of redemption of the mortgaged premises for two years after date of sale: § 2, ch. 171, Comp. Laws. The pleadings and proceedings do not show that the plaintiffs in error or either of them waived their equity of redemption. The judgment rendered by said court cuts off their equity of redemption in ten days after the close of the term of the court at which said judgment was rendered. The plaintiffs in error were husband and wife, and the mortgage was given by both, to secure the payment of the notes executed by the husband. The right of redemption extends to all classes where real estate is sold under execution, order of sale, or other final process, unless the benefits of the law are waived: *Lender v. Caldwell*, 4 Kas., 339, 348.

2. The record and proceedings disclose the fact that 231 acres of land were pledged for the payment of the sum of $2,000 and interest, and at date of judgment the balance due was only $751.63. The court erred in ordering the whole of said premises to be sold in satisfaction of said sum, and should have ordered only so much thereof sold as necessary to satisfy said claim. It is against both equity and good conscience to sell at forced sale any greater quantity of land than necessary to pay the amount of the claim. As the land mortgaged was subject to redemption under the law in force at the date of the mortgage, the decree should follow the law and save the mortgagors their rights. The decree orders an

absolute sale of the whole of said mortgaged premises within ten days. The sale in such cases must follow the decree, thus cutting off plaintiffs in error from their rights under the statute. In the case of *Lender v. Caldwell*, 4 Kas., 347, this court held that it was error to give judgment cutting off the right of redemption. Does it not follow as a logical conclusion from the theory adopted in that case that the court in entering up a decree is bound to protect the rights of the parties under the law?

3. The court erred in rendering judgment against Harriet R. Kirby upon said note, as the pleadings show that she did not execute or sign the same.

4. The court erred in overruling the motion for a new trial on the ground of newly-discovered testimony, because the record does not disclose the fact that *any* evidence showing a payment of the plaintiff's claim in full was offered on the trial, and consequently the newly-discovered evidence could not be deemed cumulative if it shows a payment of the entire claim of defendant in error.

*Roberts & Kingsley*, and *J. H. January*, for defendant in error:

1. The judgment taken in this case does not in express words cut off the right of redemption of plaintiffs in error. Does the taking of an ordinary judgment on foreclosure of mortgage, with an order for the sale of the mortgaged premises to satisfy the judgment, cut off any statutory equity of redemption which the mortgagors may have in the premises? We claim that it does not; and that such a judgment cannot affect such equity of redemption. The judgment taken in the case is in the ordinary form in general use in this state under the law allowing the equity of redemption, and as required by § 384 of the civil code of 1862. The equity of redemption being a statutory provision cannot be cut off by the judgment. The mortgaged property in this case would be sold by the sheriff under the law in force at the time of the execution of this mortgage; (ch. 171, Comp. Laws of

1862.) No deed would be given until the expiration of the period for the mortgagor to redeem. The case of *Lender v. Caldwell*, cited by plaintiffs in error, is not in point here. In that case the equity was sought to be cut off by express words.

2. There was no error in decreeing a sale of the whole of the property as embraced in the mortgage. The court cannot say that the mortgaged premises are worth more than the judgment debt. A decree of foreclosure which directs that the whole instead of only a part of the mortgaged premises shall be sold to satisfy the mortgage debt will be correct, when it does not appear that the premises were worth more than the amount of debt. *Phillips v. Richards*, 3 Ind., 401.

3. It was not error to render judgment against Harriet R. Kirby. An order of sale could not be taken except in pursuance of a judgment rendered against the parties.

4. The record in this case contains none of the evidence taken in court below. This court therefore cannot pass upon the question whether the court below erred or not.

The opinion of the court was delivered by

BREWER, J.: Defendant in error, Childs, brought his action in the district court of Miami county to foreclose a mortgage. The answer admitted the execution of the note and mortgage, and plead payment. This was the only issue for trial. The jury found for the plaintiff, and for the amount of their verdict judgment was rendered and an order made for the sale of the real estate. As error in the proceedings of the district court it is insisted, first, that "the judgment cuts off the equity of redemption in ten days after the close of the term," whereas by the law in force at the time of the execution of the mortgage, October 12th 1867, the judgment-debtor had two years to redeem. This is a mistake. The decree contains no order of foreclosure of the equity of redemption. There is a judgment for money, and an order of sale of the mortgaged property, and nothing more. The ordinary clause barring and foreclosing all par-

1. Redemption law. Decree.

ties from and after the sale, is omitted. Whether the equity be indeed cut off depends not on the form of the decree, but upon the law determining the effect of the sale. If a sale under such a mortgage is without redemption, then the purchaser would be entitled to a deed; if with redemption, then only to a certificate; and whether the purchaser be entitled to a deed or certificate, and whether there be a right to redeem or not, are questions which the district court has not attempted by this decree to settle. A sale must be ordered, whether there be redemption or not. If the debtor was entitled to redemption, it is enough to say that the court has not attempted to deprive him of this right. The decision in *Lender v. Caldwell*, 4 Kas., 339, is wholly inapplicable. There the decree contained a formal order barring and foreclosing all right and equity of redemption.

Again, it is objected that there was error in ordering the sale of all the property mortgaged, as more than half the original debt had been paid; and it is insisted that the order

1. Sale of mortgaged premises. Several parcels.

should have been for the sale of only so much as was necessary to pay the judgment and costs. All the property was pledged as security for the debt. Until all the debt was paid the entire property was chargeable. There is nothing in the record to show the present value of the property. The whole of it may not sell at sheriff's sale for enough to pay the judgment. How then can we say that the error, if error there were, has wrought any prejudice to the plaintiffs in error? But there was no error. No application was made to the district court to direct the order in which the property should be sold, or to regulate in any respect the manner of the sale. The order was to sell in satisfaction of the judgment and costs. When the judgment and costs were satisfied the order had spent its force. The sheriff had no further right to sell.

Again, it is insisted that there was error in rendering a judgment for money against Mrs. Kirby. She did not sign the note, but simply joined with her husband in the mortgage. This point is well taken. She made no promise to pay, but

3. Personal judgment. simply relinquished her rights in certain property. It is her husband's debt, not hers. No personal judgment against her was therefore proper.

It is claimed also that the motion for a new trial on the ground of newly-discovered evidence should have been sustained. 4. Motion for new trial. Newly-discovered evidence. The affidavits used on the motion are in the record, but the evidence on the trial is not preserved. For aught then that appears the testimony may have been purely cumulative. *Larrimore v. Williams*, 30 Ind., 18.

These being all the questions raised, the case will be remanded to the district court with the instruction to set aside the personal judgment for money against Mrs. H. R. Kirby. In all other respects the judgment and decree will be affirmed. The costs in this court will be divided.

All the Justices concurring.