AARON A. BELL v. CHARLES H. TAYLOR.

1. SHERIFF SALES; *Separate Tracts of Land; Sales in Gross.* A sheriff's sale of separate lots made in gross is irregular and voidable, and may be set aside on motion of the judgment-debtor.

2. ———— The rule is the same though the debtor has but an undivided interest in the separate lots.

3. ———— This is not an arbitrary and inflexible rule. Circumstances may exist which show that more can be realized by a sale in gross, and then such a sale will be upheld.

*Error from Mitchell District Court.*

TAYLOR recovered a judgment against *Bell* and two others. In June 1873 he sued out a writ of execution on his judgment, directed to the sheriff of Mitchell county. The sheriff, finding no goods and chattels of any kind of the defendants, levied said writ on "the undivided one-third of block 16, and the undivided one-third of lots 1, 2, 9, 10, 11 and 12 in block 18, the undivided one-third of lots 1, 2, 3, 4, 5 and 6 in block 34, and the undivided one-third of lots 1, 2, 3 and 4 in block 35, in the town of Beloit," as the property of *Bell*, and sold the same "to *Charles H. Taylor* for the sum of $238.85, that being the highest and best bid," etc. At the November Term 1873 of the district court *Bell* filed his motion to set said sale aside, "for the reason that said lots were not sold separately, but in bulk." The court overruled this motion, and on motion of *Taylor* confirmed said sale. *Bell* appeals, and brings the record here for review.

*Horton & Waggener*, for plaintiff in error, contended that a sheriff's sale of separate lots in gross, was irregular, and should be set aside on motion of the judgment-debtor, and cited *Johnson v. Hovey*, 9 Kas., 61.

*H. &. S. Cooper*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case arises on the confirmation of a sale. The property sold was an undivided-third interest in certain lots in the town of Beloit, which from the numbers were apparently separate, but which were sold in gross. A motion to set the sale aside on this account was overruled, and the sale confirmed. Such a sale has been decided by this court to be irregular and voidable, and on that account may be set aside on motion of the judgment-debtor. *Johnson v. Hovey*, 9 Kas., 61. Counsel for defendant in error claims that this is not an arbitrary rule; that hence

the. reason of the rule, and therefore the rule itself, fails. The reason is, that when sold separately the property will probably realize more than when sold in mass. This it is claimed may be true when the debtor owns the entire interest in the lots, but is not true when he only owns a small undivided interest therein. In such a case it is said no man would care to buy, unless he bought an interest in enough lots to give him, on partition with the owners of the other interests therein, an entire lot. Hence he would not care to purchase an interest in a single lot, for fear he would be compelled to pay unduly for an interest in the succeeding lot or lots. This reasoning we think is unsound. It assumes a state of facts which is likely not to exist, as to exist, and of whose existence or non-existence in this case we are not advised, that is, that the remaining interests in all the lots are owned by the same parties; for if the other interests in each lot is owned by a different party, each lot would have to be partitioned separately. So also in such case, the most interested bidders would be little encouraged to bid. A man who owned two-thirds of one lot might be very anxious to buy the other third if he could buy that separately, and at the same time very unwilling to buy the undivided-third of a dozen other lots in order to secure the third of that one. We do not mean to hold that the rule is arbitrary, and to be enforced in every case. Circumstances may often exist to make it for the interest of the debtor, and to justify and uphold a sale in bulk of separate lots. But nothing appears here outside of the record, and *prima facie* every such sale is irregular, and may be set aside by the debtor on motion, if such motion be made before the confirmation.

The order of the court will be reversed, and the case remanded with instructions to set aside the sale.

All the Justices concurring.