J. J. BERNHARD AND B. A. BERNHARD V. A. B. HOVEY, *as Receiver of the Northrup Banking Company.*

No. 522. (57 Pac. 245.)

SHERIFF'S SALE— *Separate Lots—Sale in Gross.* The object to be accomplished in offering for sale distinct legal subdivisions of real estate, whether adjacent or separate, is that the same may be sold so as to invite the fullest and freest competition. A sale in gross by a sheriff of two business lots, on a business street in a populous city, on one of which is a business house ready for occupancy, the other vacant and unimproved, is irregular, and may be set aside on motion of the judgment debtor, where it is made to appear reasonable that they would have brought more money if sold in separate lots.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed May 10, 1899. Reversed.

*W. S. Carroll*, for plaintiffs in error.

*Scroggs & McFadden*, for defendant in error.

The opinion of the court was delivered by

McElroy, J. : A. B. Hovey, receiver of the North-rup Banking Company, commenced an action in the district court of Wyandotte county against J. J. Bern-hard, A. B. Bernhard, and William Bruce, wherein he obtained a judgment for the amount due, and fore-closure of a mortgage. The mortgaged premises are described as lots 28 and 29, in block 118, of the old city of Wyandotte, now a part of the city of Kansas City, in Wyandotte county. An order was issued to the sheriff for the sale of the property, which he ad-vertised and sold in gross. After the return of the order two motions were filed, one by the plaintiff for confirmation, the other by defendants to set aside the sale, on the ground that the lots were sold in gross when they should have been sold separately. These motions were heard together ; the one to confirm was sustained, and the one to set aside the sale was over-ruled, defendants excepting.

But one question arises, and that is upon the action of the court in refusing to set aside and in confirming the sale. Upon the hearing of these motions defend-ants presented certain affidavits, three in number. These affidavits state, in substance, that the affiants are acquainted with the property sold; that they know its value ; that it was sold for less than its value at the time ; that in their opinion the property would have sold for more if sold in separate lots, and that the sale in gross was a sacrifice of the property. This was the only showing made, except the exhibit of the order and return of the officer. From such showing, it appears that plaintiffs in error were injured by a sale of the property in gross.

This question was before the supreme court in the

case of *Johnson v. Hovey*, 9 Kan. 61, in which the court said:

"The lots were in the same block, but they were not numbered consecutively. They were numbered 7 and 9 respectively, which would seem to indicate that they were not adjacent to each other, but there was, at least, one other lot intervening between them. . . . According to the authorities a sale thus made, though not void, is nevertheless irregular and voidable, and may be set aside on motion of the judgment debtor, or other person aggrieved thereby. . . . In this case the motion to set aside the sale was made by the judgment debtor, and the question may be asked, How would the court below know that he was aggrieved or injured without any special proof of the same? We think that it must be presumed from the sale itself, without such special proof, that injury resulted to the judgment debtor. It can hardly be supposed that lots separated from each other could be sold so advantageously to the judgment creditor if sold in gross as if sold separately. Many persons might want to bid on one lot that would not want to bid on the other, or on both. The lots should be so offered for sale as would invite the fullest and freest competition. Offering lots adjoining each other for sale in gross might in some cases accomplish this; but offering lots separated from each other for sale in gross could hardly do so under any circumstances."

In *Bell v. Taylor*, 14 Kan. 279, the court said:

"The question in this case arises on the confirmation of the sale. The property sold was an undivided third interest in certain lots in the town of Beloit, which, from the numbers, were apparently separate, but which were sold in gross. A motion to set the sale aside on this account was overruled, and the sale confirmed. . . . We do not mean to hold that the rule is arbitrary, and to be enforced in every case. Circumstances may often exist to make it for the interest of the debtor, and to justify and uphold a sale

in bulk of separate lots. But nothing appears here, outside of the record, and *prima facie* every such sale is irregular, and may be set aside by the debtor on motion, if such motion be made before the confirmation."

In *Dexter v. Cochran*, 17 Kan. 447, it was said:

"The defendants in the court below made no appearance; but they now allege error apparent in the record, and bring the case here for review. . . . The land sold consists of 400 acres, being 320 acres in one section and 80 in another. But as these two pieces of land are contiguous to each other, and the judgment debtors owned the entire interest in the premises, the sale of the same in gross is not void, and the court below committed no error in its rulings."

In the case at bar the two lots are business lots on a business street of a populous city; on one lot is situated a business house, the other is vacant and unimproved. They were sold in gross for the sum of $500. The evidence is that the lot with the business building is worth about $1000. In the opinion of the witnesses such lots would have brought more money had they been sold separately. The evidence is uncontradicted, and we think shows that the property would have brought a better price in separate parcels. It is not fair to presume that two separate business lots on a business street, upon one of which is situated a business house, the other vacant and unimproved, could be sold so advantageously if sold in gross as if sold separately. Many persons might desire to bid on the business house and lot that would not want to bid on the vacant and unimproved property, while others might desire to purchase the vacant and unimproved lot but would not desire to purchase a lot on which was situated a business house. The object to be accomplished in offering for sale distinct

legal subdivisions of real estate, whether adjacent or separate, is that the same may be so sold as to invite the fullest and freest competition. If the lots were similarly situated, both containing business houses, or both vacant, it might be to the advantage of the parties to sell them in gross; but here we have two properties, legal subdivisions, business lots on a business street in a populous city, either of which is presumed to be sufficient in size for any ordinary business house, to accommodate any business man or firm, the one ready to occupy, the other vacant and unimproved, sold in gross. It is apparent that they ought to be sold in severalty; more especially is this true where the property is sold without appraisement, and without the right of redemption.

The order of confirmation is reversed, with instructions to the trial court to set aside the sale, and for further proceedings.

MAHAN, P. J., concurring.

WELLS, J., dissenting.