## J. G. HUTCHISON v. FRANCIS YAHN *et al.*

### No. 385.  ( 61 Pac. 458.)

FORECLOSURE SALE—*Notice of Sale—Description of Property.* Where the decree of foreclosure and the order of sale required that the land involved be sold in specific parcels, and it was sold, but the sale notice failed to describe or designate such parcels, *held*, that the sale was voidable.

Error from Lyon district court; W. A. RANDOLPH, judge.  Opinion filed June 19, 1900.  Reversed.

*J. G. Hutchison*, for plaintiff in error.

*E. W. Cunningham*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :  This proceeding in error is based upon the overruling of a motion to set aside a sheriff's sale of real property made in a foreclosure action.  Vari-

ous grounds are set forth in the motion, and numerous errors are assigned in the petition in error. We have carefully considered the various contentions of the plaintiff in error and have concluded that none of them can be upheld except that as to the sufficiency of the notice of sale. The decree of foreclosure required the land, which had been mortgaged as an entire tract and afterward transferred and held as two separate parcels, one of fifty acres and one of twenty acres, to be sold as separate parcels, first the fifty-acre tract, and then, if necessary in order to satisfy the judgment, the twenty-acre tract. The order of sale conformed to the decree in all respects. The notice stated that the sheriff would "sell separately at public auction, to the highest bidder, for cash, the following real property, situate in Lyon county, Kansas, to wit" (describing all the land by metes and bounds as a single tract).

The statute does not prescribe what a notice of sale of real estate shall contain, except that time and place of sale shall be stated. It is certain, however, that a correct description of the land must be given in the notice and that it should contain enough to inform the general public of the location and extent of the real property to be sold. The order of sale in this case was in fact a special execution and the sale notice should have conformed to it fully. The order commanded that the property be sold in two specific parcels; the notice did not specify the parcels, and no one would be able to tell from the description given in the notice the nature of the separation into parcels for purposes of sale contemplated by the officer. When several distinct parcels or lots of land are to be sold under an execution it is the duty of the officer to offer them separately, so that bidding may be en-

Bank v. Bank.

couraged and competition increased.   (*Bell v. Taylor*, 14 Kan. 277.)

For the same reason it is equally proper to hold that where the decree requires sale of the land in parcels, the notice shall so specify.

The order of the district court overruling the motion to set aside the sale will be reversed and the cause re-manded for further proceedings.