Henry T. Miller and Fannie E. Miller, v. W. H. P. Trudgeon.

(Filed September 8, 1905.)

1. MORTGAGE—Sale on Execution—Disconnected Parcels of Land. The rule requiring the sale of disconnected parcels or pieces of land to be made separately on execution or order of sale on mortgage foreclosure, is not an arbitrary one, but is enforced when necessary to protect the rights of the debtor, and to insure the best prices that can be obtained for the property.

2. SAME. Circumstances may exist which render it altogether impracticable to realize the best prices from separate sales.

3. SAME—Appeal. The ruling of the trial court in this respect will not be reversed by the appellate court unless plainly erroneous.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*C. L. Botsford, Mosier & Dudley,* and *Newell & Jackson,* for plaintiffs in error.

*J. W. Hocker,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.: This is a proceeding to obtain the reversal of an order of the district court of Cleveland county, denying the motion of plaintiffs in error to set aside a sale of land made by the sheriff of Cleveland county, and the order of the court confirming the sale.

The facts in the case are as follows: The Classen Company in an action then pending in the district court of Cleveland county obtained a judgment against the plaintiffs in error foreclosing a mortgage on the northwest quarter of section 32, township 9, north of range 2, west of the Indian meridian, lying west of the Atchison, Topeka and Santa Fe railroad, containing 27.8 acres, in Cleveland county. The order of sale was stayed for six months. Afterwards the judgment was assigned and transferred of record by the Classen Company to W. H. P. Trudgeon, defendant in error. Afterwards the land was platted into lots and blocks as an addition to the city of Norman, known as the Miller-Trudgeon University addition, with the knowledge, consent and ratification of Trudgeon, which plat was executed and acknowledged by plaintiff in error, and recorded in the records of the register of deeds of Cleveland county. Afterwards Trudgeon executed, acknowledged and caused to be recorded a written release of all of the streets and alleys shown on the plat of the Miller-Trudgeon University addition. Afterwards Trudgeon filed his precipe for an order of sale under said judgment as assignee thereof, for the sale of all of the land described, except that portion released and exempted from judgment, being the streets and alleys; thereupon an order of sale was issued directed to the sheriff of that county commanding him to sell the land, being 27.8

.acres more or less. The sheriff published notice of sale de-
:scribing the land without reference to the plat or the excep-
tions in the order of sale or notice, and the land was by him
sold in one body, excepting therefrom the streets and alleys
shown upon the recorded plat, and other lots.

The plaintiffs in error moved to set aside the sale of
the sheriff for the reason that the whole of said addition, with
·the exception of the streets and alleys, and lots which had
·theretofore been sold, was advertised and offered for ˙sale
and sold in bulk as one piece of land and each lot or number
of lots comprising one body. of land, was not offered sep-
.arately at said sale. The motion was by the ocurt overruled,
to which plaintiffs in error excepted. It further appears
.that said land was the homestead of the plaintiffs in error,
and that after the same was platted, a part of block three in
said addition was and continued to be their homestead.
Plaintiffs in error excepted to the ruling of the court denying
their motion to set aside the sale, and bring the case here
by petition in error and transcript for review.

There is only one question raised by plaintiffs in error
to be considered, that is, upon the action of the·court in re-
fusing to set aside, and in confirming the sale. Upon the
hearing of the motion to set aside the sale, as disclosed by
the journal entry, the court after hearing the evidence˹ sub-
mitted, denied the motion. The record does not disclose
the evidence that was introduced and heard by the court at
that time.

It is argued by counsel for plaintiffs in error that the
release by Trudgeon in writing by him placed of record,
was a legal recognition and ratification of said plat and addi-
tion to the city of Norman, destroying the original descrip-

tion, and so far vacated the judgment of foreclosure; that the sale in bulk is irregular and voidable, and should have been set aside on the motion of the plaintiffs in error.

The rule requiring the sale of disconnected parcels or pieces of land to be made separately is not an arbitrary one, but is enforced when necessary to protect the rights of the debtor and to insure the best prices that can be obtained for the property. Circumstances may exist which render it altogether impracticable to realize the best prices from the separate sales, and as before stated in this case, the record presented does not show the evidence that was received and heard by the court on the hearing of the motion, nor is it disclosed that any request was made by the plaintiffs in error before or at the sale that the land be sold in separate tracts; and for aught we know, the land may have sold for its full value or more. The rule requiring each parcel of land to be offered separately is a wholesome one and should be rigidly enforced when there is no valid reason for selling *en masse,* but in this case, in view of the condition of the record before us, we cannot say that the action of the court in overruling the motion was error. The presumption is in favor of the correctness of the ruling until the contrary is clearly shown. The fact merely that the land was sold *en masse* would not alone justify this court in reversing the judgment or setting aside the order of the district court. Before a reversal can be had, it must be clearly shown that the court abused its discretion, and that the judgment was wrong.

We have examined the Kansas and other cases cited by counsel, and except where controlled by statute we find the rule to be that the order of sale to be made *en masse* or in parcels is a matter which rests in the sound discretion of

the court ordering the sale, and is not an arbitrary and inflexible rule. The ruling of the court in this respect will not be reversed by the appellate court unless plainly erroneous. See 17 A. & E. Ency. of Law, pages 975-976-977 and notes; *Johnson v. Hovey,* 9 Kans. 61; *Kirby v. Childs,* 10 Kans. 643; *Bell v. Taylor,* 14 Kans. 277; *Town Co. v. Lombard,* 57 Kans. 625.

Our attention is also directed to authorities which hold that when a part of the mortgaged premises includes the homestead of the mortgagor, he is entitled to have a sale of the residue first to satisfy the debt, and, that the mortgaged premises other than the homestead should be first exhausted before subjecting the homestead to the payment of the debt. As before stated, the record in this case does not disclose that the plaintiff in error at any time requested or demanded that the property should be sold in separate parcels or sold otherwise than it was, and while a mortgagor might ordinarily have the right to have the property other than the homestead first sold, a sale *en masse* could not be said to be void, merely because it included the homestead.

Some other questions are argued by counsel for plaintiffs in error, but in view of the condition of the record, we cannot consider them.

The order of the district court overruling the motion to set aside and confirming the sale is affirmed, with costs to plaintiffs in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.