57　625
f57　833

THE GEUDA SPRINGS TOWN AND WATER COMPANY v. FRANK G. LOMBARD *et al.*

No. 9208.

1. FORECLOSURE — *six months' stay where appraisement waived runs from judgment ordering sale.* The six months' stay of execution, required where lands are to be sold without appraisement under a mortgage foreclosure, begins to run from the date of the judgment directing such sale; and where a judgment is rendered against the principal defendant, and also against divers parties claiming liens on the property, one of whom afterward succeeds in having the judgment opened and the case dismissed as to him, such dismissal does not affect the stay of execution nor delay the plaintiff in the enforcement of the judgment.

2. —————— *separate sales of distinct parcels not required where prior blanket mortgage covers all.* Where a sheriff is commanded by an order of sale to sell disconnected tracts of land, it is his duty to offer and sell them separately, unless there be some valid reason for doing differently; but where no request is made by the debtor to have the lands offered in separate parcels, and where the order of sale directs that all of the parcels be sold subject to a prior mortgage covering them all, a sale of the whole property *en masse* should be confirmed.

3. —————— *pendency of action on another mortgage, no ground for setting aside sale.* It is not a valid ground for setting aside a sale of lands made subject to one prior incumbrance, that an action is pending in which a third party seeks to foreclose another mortgage and to have the same declared a first lien on the property; the judgment under which the sale is made being clear and explicit in its terms as to what should be sold.

*Error from Cowley District Court.*

*Hon. A. M. Jackson, Judge.*

AFFIRMED.　　　　　　　　　OPINION FILED JANUARY 8, 1897.

*Joseph O'Hare,* for plaintiff in error.

*Madden & Buckman,* for defendant in error, Frank G. Lombard.

ALLEN, J.　This is a proceeding to obtain a reversal of an order of the District Court of Cowley County confirming a sale of lands made by the Sheriff of Sumner

40—57 KAN.

County.   A motion, made to dismiss the petition in error, is overruled on the authority of *Hammerslough v. Hackett*, 30 Kan. 57 ; *Hill v. National Bank*, 42 id. 364 ; *Bridge Co. v. Fowler*, 55 id. 17.

On the 7th of September, 1889, Frank G. Lombard brought suit against the Geuda Springs Town and Water Company, George A. Masters, the Crane Brothers Manufacturing Company, L. C. Fisher and O. B. Taylor, to recover the amount of a certain installment note executed by the Town and Water Company, and to foreclose a mortgage securing the same. On the 3d of May, 1890, judgment in accordance with the prayer of the petition was duly entered in favor of the plaintiff for $3,385.93 and ordering the lands described in the mortgage, part of which were located in Cowley County, and part in Sumner County, to be sold subject to a prior mortgage for $20,000 held by the Farmers Loan & Trust Company of New York. The case was continued for service of summons on the Crane Brothers Manufacturing Company, Fisher, and Taylor.   On the 25th of September, 1890, a judgment was entered declaring the lien of the plaintiff superior to that of all the defendants, directing a sale of the mortgaged premises, and barring and foreclosing all the defendants of any interest therein.   Afterward, on the motion of O. B. Taylor, the judgment as to him was opened and set aside, and on the 7th of June, 1892, an order was entered dismissing the action as to him without prejudice.   The order of sale, under which the sale confirmed by the Court was made, was issued on the 14th of October, 1892, and the first contention is, that the sale was made without appraisement within six months after the rendition of final judgment in the case.   The judgments against all the

1. Six months' stay runs from judgment.

defendants, except Taylor, were rendered more than two years before the date of the order of sale under which the sale was made. The date of the dismissal of the case as to Taylor is unimportant. The plaintiff in error has had the benefit of a much longer stay than the law requires.

The second ground relied on is that a number of separate lots and parcels of land were sold together. It does not appear that any request was made by the plaintiff in error at the sale that the land be sold in separate tracts. The rule requiring a sale of disconnected pieces of land to be made separately is not an arbitrary one, but is enforced when necessary to protect the rights of the debtor, and to insure the best prices that can be obtained for the property. Circumstances may exist which render it altogether impracticable to realize reasonable prices from separate sales, and this case appears to be such an one. The property consisted of a tract on which there was a large bathhouse, and a considerable number of town lots, all of which were covered by a mortgage for $20,000. It is not probable that the lots, which some of the evidence tends to show were not worth more than about $5 a piece, could have been sold separately at any price, under the circumstances. Burdened with such a heavy incumbrance, a sale of the whole property together would seem to be most advantageous to all parties concerned. *Bell v. Taylor*, 14 Kan. 277; *Johnson v. Stevens*, 7 Cush. 431; *Webster and others v. Foster*, 15 Gray, 31; *Wilson v. Twitty*, 14 Am. Dec. 569. The rule requiring each parcel to be offered separately is a wholesome one, and should be rigidly enforced when there is no valid reason for a sale of all *en masse*. But where there is a blanket incum-

2. Separate sale of parcels not required, when.

brance exceeding in amount the value of any separate parcel, each purchaser would be subjected to the danger of a sale of his tract to satisfy the prior incumbrance, and it might be a matter of much difficulty, if not of impossibility, to obtain an apportionment of the lien.

The third objection is, that the sale was made while the Taylor foreclosure-suit was pending in Sumner County. If the plaintiff in error had desired protection against the disadvantages arising from the pendency of that suit, and from any controversy over the priority of the Taylor mortgage, it should have been sought when the order was made dismissing the case as to Taylor. The judgment under which this sale was made, directed that the lands be sold subject to the $20,000 mortgage; and it was too late, when the motion to confirm the sale was heard, to ask the Court for protection against the Taylor mortgage. Under the judgment rendered the sale was, in this particular, entirely regular, and in this proceeding no error is predicated on the judgment rendered in the District Court.

3. Pendency of action on another mortgage.

The order of the District Court is affirmed.

All the Justices concurring.