JOHN SMITH v. DORA SMITH.

No. 13,219. ( 73 Pac. 56.)

Error from Miami district court; W. H. SHELDON, judge. Opinion filed July 10, 1903. Affirmed.

*W. L. Joyce,* for plaintiff in error.
*Alpheus Lane,* for defendant in error.

*Per Curiam:* This was an action by the defendant in error on a petition setting out facts which would warrant the entering of a decree for a divorce and alimony, or for alimony alone, against the plaintiff in error, then her husband. A decree for both divorce and alimony was entered. The most meritorious question raised on the petition is whether, under a petition whose allegations would authorize a divorce but the prayer of which is only that alimony be allowed, a decree of divorce should be granted. It is well settled in this state that the prayer of the petition forms no part of it, and that relief may be granted in accordance with the facts stated in the petition rather than pursuant to its prayer. ( *Smith v. Kimball,* 36 Kan. 474, 492, 13 Pac. 801; *Walker v. Fleming,* 37 id. 171, 14 Pac. 470.) But it is here insisted that, where the facts pleaded warrant more than one kind of relief, plaintiff should have only such relief as he prays for; that otherwise defendant might be misled in the presentation of his evidence, not knowing the ultimate and true purpose of plaintiff in the prosecution of the action. No effort was made by the defendant to require the plaintiff to state how much relief she was desiring. He knew from the allegations of the pe-

tition that she might obtain a divorce. He chose to go into the trial without requesting a declaration as to the extent of the relief which she desired. Besides this, we think it fairly inferable from the record that the defendant was notified that the action was one by which the plaintiff expected to obtain a divorce, and that defendant conducted his case upon that theory.

Considerable space is devoted in the brief of plaintiff in error to a discussion of the evidence and its sufficiency. All of the evidence with its claimed contradictions was before the trial court. It deemed it sufficient. We are not in a position to take an opposite view; indeed, we are inclined to the same conclusion.

Special claims of error growing out of the admission and rejection of evidence are presented. We find nothing warranting a reversal of the decree therein.

The judgment of the lower court will be affirmed.