J. H. NESBITT et al., *Appellees,* v. MARY CHESEBRO
et al., *Appellants,* and CHARLOTTE E. SEATON, as
Executrix, etc., *Appellee.*

No. 18,242.

SYLLABUS BY THE COURT.

1. SALE — *Contract — Assumption of Interest on Mortgage.* A
fair interpretation of the contract of sale in this case is that
the purchasers assumed payment of the interest on the Seaton
mortgage only from the date of the contract.

2. JOURNAL ENTRY—*Void Judgment—Motion to Expunge—Costs
of Motion.* Where a journal entry is placed of record which
purports to be the record of a judgment that was in fact
never rendered, and the party appearing thereby to be the
judgment debtor files in the court to which the record per-
tains a motion to expunge the false record, which motion is
resisted by the other party but is sustained, it is not within
the discretion of the court to tax the costs of the motion to
the prevailing party.

3. PETITION — *Facts Warranting Judgment — No Prayer for
Money Judgment.* An answer and cross-petition in which an
answering defendant states facts which entitle him to a judg-
ment for a certain sum of money, and in which answer is a
prayer that his lien may be preserved, and for such other
relief as in equity he may be entitled to, is sufficient, if found
to be true, to entitle him to such judgment as the facts stated
warrant, although there is no prayer for a money judgment.

4. SALE—*Real Estate and Personal Property—Unpaid Balance—
Lien on Real Estate.* Where a written contract is executed
for the sale of a tract of land and a number of articles of
personal property at an aggregate price, and payments are
made thereon, it is not error, in an action to foreclose the
vendor's lien, for the court to award a lien on the land for
the unpaid balance of the purchase price, provided there is
any provision in the contract from which the court may fairly
infer that the amount paid is equal to or exceeds the value of
the personal property as contemplated by the parties when
making the contract.

5. MORTGAGE FORECLOSURE—*Separate Tracts of Land—Sold as
One Tract—Judicial Discretion.* The method of disposing at
judicial sale of a tract of land embracing many quarter-sec-
tions is within the judicial discretion of the trial court; and
where by the terms of the decree two unpaid liens will remain

Nesbitt v. Chesebro.

on the entire tract after the sale, it is not an abuse of such
discretion to order the tract sold as a whole instead of in
parcels.

Appeal from Logan district court.   Opinion filed
June 7, 1913.   Modified.

*W. H. Wagner,* of Russell Springs, *G. W. Stubbs,*
and *F. H. Stubbs,* both of Kansas City, Mo., for the
appellants.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junc-
tion City, for the appellees.

The opinion of the court was delivered by

SMITH, J.:   This is a suit in equity brought to
foreclose a written contract made August 18, 1909,
between appellees J. H. and W. H. Nesbitt and the
appellants, by which the appellees sold to appellants
about 8000 acres of land, 21 head of horses and colts,
3 cows, 30 hogs and all the fowls, implements and
growing crops on the property for $60,000.   The ap-
pellants were to pay $1000 cash and to secure the pay-
ment of $9000 by their note for that amount and with
collateral mortgages on real estate of equal amount;
also, the purchasers were to assume payment of a
mortgage to John Seaton on the land for $15,000, and,
besides the interest, to pay $1500 on the principal each
year, and in case it was not paid by the appellants the
appellees might pay it and recover for the same out of
the land; that when all of such payments had been
made, including the $15,000 mortgage, the appellees
were to deed the land to the appellants, who were to
give a mortgage for the remainder of the purchase
price due in ten years and bearing interest at six per
cent.   Deposits of collaterals to secure the payment of
the $9000, balance of first payment, are acknowledged
in the supplemental contract.   The appellants agreed
to pay the taxes of 1909, for which they were to get
all crops on the land, and also agreed to pay all taxes

Nesbitt v. Chesebro.

yearly. Further stipulations, not necessary to be considered on the issues presented, were embraced in this contract. On September 2, following, a supplemental contract was made and acknowledged by the parties, to which the former was attached as an exhibit, which provided only the details for the performance of the previous contract.

These contracts were made a part of the petition, which was filed June 5, 1911. The petition alleged that possession of the land was delivered to appellants and was still retained by them. It was admitted therein that the $10,000 had been paid as agreed; that the taxes for 1909, the interest on the $35,000, and the balance due to appellees on the purchase price was paid April 10, 1910, and the installment of principal and interest on the Seaton mortgage ($2300) was paid at the same time. It is alleged therein that appellants failed to pay the interest on the $35,000 on April 20, 1911, and failed to pay the taxes for 1910 before May 25, 1911, on which date appellees paid them, amounting to $564.61, and appellants failed to pay the $1500 installment of principal and the interest due on the Seaton mortgage in April, 1911. In a supplemental petition appellees alleged another default of payment of interest due on the $35,000 debt, the taxes of 1911, and the interest and installment due on the Seaton mortgage in April, 1912; also, that by reason of the defaults, the whole of the $35,000 debt was due and payable. No provision, however, appears in the contract for accelerating the maturity of the $35,000 debt. The Seaton mortgage has such a provision, but it is only available to the holder thereof, which appellees did not claim to be.

John Seaton being dead, the administratrix of his estate answered and alleged that $1500 and one year's interest on the mortgage were due and unpaid, but asked for no judgment by reason thereof and ex-

pressly declined to declare the whole debt due. The administratrix, however, prayed that the priority of her lien be adjudged and "for such other and further relief as he [she] may in equity be entitled to."

The appellants, in answer, admitted that two years' interest was due on the $35,000 debt and that appellees paid the taxes of 1910 on May 25, 1911, but alleged that it was a voluntary payment, made without their knowledge or consent, and that they were not liable therefor; also, that the land consisted of fifty quarter sections, any one or more of which could be sold without prejudice to any of the parties, and that all of the lands were of the reasonable cash value of $15 per acre; also, that appellants had paid no part of the Seaton mortgage; also, they alleged as a set-off that they were compelled to pay $325 on account of interest which had accrued on the Seaton mortgage prior to September 1, 1909, and which, by the terms of the contract, appellees agreed but refused to pay. The court required this allegation to be stricken out as a condition precedent to filing the amended answer. The answer also denied all allegations of the petition not expressly admitted; it also prayed for an accounting of the amount due appellees and, if a decree of foreclosure be entered, that only so much of the land be sold as should be necessary to pay the amount found due from appellants, with costs.

No reply was filed.

There is little or no controversy as to the facts of this case, a *resume* of which is given as pleaded. The parties agreed to submit the case upon the pleadings and evidence which had been given upon the motion to vacate a recorded journal entry of judgment and a sale had thereunder. No other evidence was produced. That evidence is abstracted and is conflicting. The findings of the court thereon are therefore conclusive. As abstracted, the findings of the court are as follows:

"The court finds, as the trial docket shows, that no

judgment had been in fact rendered or pronounced in this case at that term; finds that defendants, Chesebro, had not authorized their then attorney (Kagey & Anderson) to sign or agree to the journal entry of purported judgment of said term; that the said journal entry had been signed by the judge out of court, without any judgment ever having been pronounced in court; that the journal entry had never been agreed to in court, nor consented to when court was in session; but in setting such judgment aside and the sale made thereon the court taxed the costs to defendants, Chesebro, to which assessment of costs they except; the court did not find that either Mary or Earle Chesebro had been guilty of any negligence or misconduct or other act for which they should be charged with such costs."

The amount of costs for which judgment was rendered against the appellants does not appear, but so far as they were made by appellees in entering and attempting to enforce a judgment that never was rendered, with the costs of the hearing, the judgment is reversed.   Such costs should be taxed to appellees. Ordinarily the taxation of costs upon motions is within the discretion of the court, but it is not within the discretion of the court to impose upon the prevailing party the costs incurred in removing from the record a false entry of judgment, the costs in attempting to enforce such judgment or incurred on a motion to rectify the record, especially when such motion is resisted, as it was in this case.

The agreed price of the property sold under the contract was $60,000 and such price was fully accounted for in the provisions of the contract by counting the Seaton mortgage $15,000 at the date of the contract, but the appellants were compelled to pay interest thereon from April 20, 1909, to the date of the contract, about September 1, 1909, and appellants claimed credit therefor against appellees, which claim was not allowed by the court.   The judgment is modified by allowing such credit with interest from the time of payment.

The appellees paid the taxes on the land (for 1910) on May 25, 1911. Appellants claim this was a voluntary payment, but this is not so in a legal sense. The taxes were due and payable November 1, 1910, and it is presumed that, as required by law, a penalty had been placed thereon soon after December 20, 1910, and that another penalty would be incurred June 20, 1911, less than a month after the payment, if the taxes were not sooner paid. The appellants had the right to make the payment and recover therefor with interest at twelve per cent per annum. This is expressly authorized by section 9494 of the General Statutes of 1909.

The court rendered judgment in favor of the administratrix for $2447.84 on an installment of the principal and interest due and unpaid. The facts stated in the answer of the administratrix and the prayer for relief therein are sufficient to warrant the judgment in her favor although there was no prayer for the specific judgment which was rendered. (*Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470; *Smith v. Smith,* 67 Kan. 841, 73 Pac. 56.)

That the appellees had a vendor's lien on the land for the purchase price thereof is not denied or controverted by the appellants, but they contend, which seems to be correct, that the appellants neither pleaded nor offered evidence of the contract price for the sale of the land separate from the personal property and that appellants have no lien on the land for the purchase price of the latter or for the interest thereon. There was, however, a stipulation in the supplemental contract that appellants should not sell or dispose of any of the personal property until the full payment of the $9000 balance of the first payment. The full amount of that payment is credited, and hence it may fairly be inferred that the parties regarded the purchase price, whatever it may be, of the personal property as fully paid and that the $35,000 debt remaining is for the land only.

The trial court rendered judgment for appellees for two installments of interest, with interest thereon from the respective times when due, for $4333.70, for $627.40 for taxes paid and for $50 costs, and ordered the land sold in bulk subject to the Seaton mortgage and appellee's lien for the $35,000 balance unpaid purchase price; also the court ordered that the case be left open for further supplemental decrees in case of further defaults of payments on the contract or on the Seaton mortgage, to all of which the appellants object as inequitable. They protest that their pleading alleges and the uncontroverted evidence shows that all the land is worth $15 per acre, $120,000 in the aggregate, and that it is inequitable that they should be deprived of the title to so valuable property to satisfy a judgment which should be less than $4000. On the other hand, it is apparent that no sale of the land or any part of it under the judgment could be made which would release it from the lien of the Seaton mortgage or from appellees' lien for the balance of the purchase price thereof. Moreover, it is improbable that any purchaser could be found for a part of the land, considerably less than the whole tract, subject to nearly $50,000 incumbrances, who would pay a sum sufficient to satisfy the judgment to which appellants are entitled and to pay the proper costs. As said in *Town Co. v. Lombard,* 57 Kan. 625, 47 Pac. 532, "each purchaser would be subjected to the danger of a sale of his tract to satisfy the prior incumbrance, and it might be a matter of much difficulty, if not of impossibility, to obtain an apportionment of the lien." (p. 628.)

The method of selling the land in part or as a whole was a matter resting in the judicial discretion of the court. In view of the large incumbrances to different parties remaining upon the land after proper judgments in this case should be satisfied, it would have been unreasonable, even if the court had the power, to order any portion thereof free from such liens. As-

suming, contrary to our views, that the court had the power to do so, it would appear very inequitable to so use it. The order to sell the whole tract, subject to existing liens not included in the judgment, is approved.

Again, it is contended that the court erred in limiting the period of redemption to six months. Appellants deny that it appears from the evidence that not more than one-third of the purchase price of the land had been paid. As we have seen, the appellees retained some control over the sale of the personal property until $10,000 was paid on the contract. It is then fair to assume that in the estimation of the parties the personal property did not exceed $10,000 in value. Assuming, then, that the purchase price of the land was $50,000, and that the $11,500 which has been paid on the contract, besides interest, should be applied only to the purchase price of the land and no part thereof to the price of the personal property, still it can not be said that one-third of the price of the land has been paid.

It is ordered that the judgment be modified and credits be deducted therefrom as herein specified. Subject thereto, the judgment is affirmed. The appellants having been compelled to resort to this court to preserve valuable rights, it is ordered that the costs here be taxed to appellees.