Webster v. Broeker.

---

No. 19,884.

J. C. WEBSTER, *Appellee*, v. HERMAN BROEKER, *Appellant*.

SYLLABUS BY THE COURT.

JURISDICTION—*Justice of the Peace—Amount in Controversy.* In an action before a justice the bill of particulars stated a cause of action for the recovery of $300; the prayer asked judgment for that sum with interest from the day the action was begun; judgment was rendered for $300. *Held*, that the prayer was no part of the statement of the cause of action, that the amount sued for was $300, and that the justice court and the district court on appeal had jurisdiction.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed February 12, 1916. Affirmed.

*R. E. Melvin,* and *Thomas Harley,* both of Lawrence, for the appellant.

*Fred A. Clarke,* of Lawrence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the only question is, whether the justice court and the district court, where the case was appealed, had jurisdiction, and this depends upon what sum the plaintiff sued for in the justice court. The bill of particulars alleged that defendant owed plaintiff $300 for failure to perform a written agreement; that demand had been made for that sum and defendant had refused to pay the same. In the prayer for relief the plaintiff prayed judgment for $300 "together with interest thereon at the rate of six per cent per annum from the 8th day of October, 1913, and for costs of suit." The action was begun in a justice court on the 8th day of October, 1913, and the summons was personally served on the defendant the same day. On December 28, 1913, the court rendered judgment in plaintiff's favor for $300 with interest from the date of the judgment and for costs. The defendant appealed to the district court and filed a motion to dismiss on the ground that the bill of particulars demanded judgment for more than $300 and that neither the justice court nor the district court had jurisdiction of the cause. There is a statement in the abstract that the same application was made and denied in the justice court. This is challenged in the counter-abstract. The district court overruled the motion to dismiss, and on the trial of the case judgment was rendered against the defendant for $300 and costs.

It is stated in the bill of particulars that the defendant is owing the plaintiff the sum of $300, and unless the prayer for relief is considered a controlling part of the statement of the cause of action it is clear that the plaintiff claimed no more. The mandate in the code of civil procedure which requires that "its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice" (§ 2), applies to actions before justices where formal pleadings are not necessary. (*Wooster v. McKinley,* 1 Kan. 317.)

Webster v. Broeker.

It would be quite technical to hold that when the action was commenced the plaintiff claimed there was more than $300 due. In *Smith v. Kimball*, 36 Kan. 474, 13 Pac. 801, it was said:

"However strongly a pleader may be bound, and however much he may be estopped by the averments of facts in the body of his pleadings, it is doubtful whether he is bound or estopped by his prayer for relief. He is supposed to know the facts upon which he predicates his action, and to state them as he understands them, but the relief to which he is entitled on the facts related is a question for the court, and over which he has no control." (p. 492.)

A *per curiam* opinion in *Smith v. Smith*, 67 Kan. 841, 73 Pac. 56, contains the following inaccurate statement:

"It is well settled in this state that the prayer of the petition forms no part of it, and that relief may be granted in accordance with the facts stated in the petition rather than pursuant to its prayer."

The prayer for relief is a part of the petition or bill of particulars, and a necessary part. In enumerating what the petition must contain, the language of section 92 of the code is, "Third, a demand of the relief to which the party supposes himself entitled." While the prayer is a necessary part of the petition, it is not a part of the statement of the cause of action. A pleader may suppose himself entitled to other and different relief than the facts stating his cause of action warrant, and may ask for such relief, but in determining the question of the jurisdiction of the court it is the cause of action stated, and not the relief prayed for, which controls.

The statement in the opinion in *Smith v. Smith*, supra, that "It is well settled in this state that the prayer of the petition forms no part of it," was not necessary to the decision in that case, was *obiter*, and should be overruled. The case at bar is controlled by the decision in *Parker v. Dobson*, 78 Kan. 62, 96 Pac. 472, the second paragraph of the syllabus of which reads:

"If in an action before a justice of the peace upon a promissory note the amount claimed in the bill of particulars do not exceed $300, the justice, or the district court upon appeal, may adjudicate the controversy, although the interest accruing before final judgment increase the amount due to more than $300; but whatever the balance found due may be the judgment can not exceed $300." (Syl. ¶ 2.)

The plaintiff elected to accept judgment for the amount within the jurisdiction of the court. The action was to recover no more than $300, and therefore the judgment is affirmed.