Eagan v. Murray.

No. 20,971.

JOHN N. EAGAN and BERT DONAHEY, *Appellees*, V. PERCY
MURRAY and EMERY L. MOORE, *Appellants.*

SYLLABUS BY THE COURT.

1. SALE OF JACK—*Breach of Warranty—Petition States Cause of Action.*
Ordinarily, a petition which narrates several distinct breaches of a
valid contract states a cause of action with sufficient precision against
the party who breached the contract, although the prayer may be for
alternative relief, and a cause of action so pleaded is good against a
demurrer.

2. SAME — *Breach of Warranty — Petition — Prayer for Relief.* The
prayer of a petition is merely the pleader's idea of the relief to which
he is entitled; it is not a part of the statement of the cause of action;
and if the cause of action is sufficiently stated and sufficiently proved,
the court will adjudge and decree the proper legal redress, which may
or may not conform in whole or in part to the relief prayed for by
the pleader.

3. SAME—*Breach of Warranty—Burden of Proof.* Where a vendor sells
a chattel to a vendee upon a warranty that the chattel will measure
up to a certain standard of usefulness, and agrees to accept a return of
the chattel if it fails in the matters covered by the warranty, and
where the facts touching the alleged failure under the warranty are
within the knowledge of the vendee, or readily ascertainable by him,
and not within the knowledge of the vendor, nor readily accessible to
him, it is proper for the court to impose on the vendee the burden of
showing that the chattel did not measure up to the warranty.

4. SAME—*No Prejudicial Error in Record.* Errors assigned on instruc-
tions, incompetency of evidence, and its insufficiency to sustain a ver-
dict, examined, and not sustained.

Appeal from Sherman district court; CHARLES I. SPARKS,
judge. Opinion filed January 12, 1918. Affirmed.

*John Hartzler,* and *C. C. Perdieu,* both of Goodland, for the
appellants.

*E. F. Murphy,* of Goodland, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs recovered judgment against the
defendants on a promissory note for $300, given in payment
for a breeding jack which plaintiffs had sold to the defendant
upon a warranty that it would beget forty per cent of foals,

13—102 Kan.

and upon an agreement to take back the animal if his breeding record did not fulfill the warranty. The contract of sale was referred to in the promissory note, and a copy of the contract was attached to plaintiffs' petition. The contract also provided that in case of a return of the animal, the defendants were to turn over the breeding accounts to the plaintiffs, and to return the animal in good condition. The petition alleged default of payment of the note and—

"That at all times since the execution and delivery of said note, the said defendants and each of them have at all times failed, neglected and refused and still refuse to either pay said note, or to deliver said jack, or turn over said accounts to the plaintiffs, or either of them."

The prayer was for judgment on the note, or for a return of the jack and for a delivery of the breeding accounts according to the contract.

Defendants' demurrer to plaintiffs' petition was overruled, and they answered, alleging that the jack did not beget the guaranteed percentage of foals; that the plaintiffs accepted a return of the animal; and that copies of the breeding accounts were delivered to plaintiffs. The plaintiffs' reply denied the matters pleaded in defendants' answer.

The cause was tried to a jury and a general verdict for plaintiffs was rendered.

Defendants assign error, (1) in overruling the demurrer to plaintiffs' petition; (2) in the instructions; (3) in admission of incompetent evidence; and (4) that verdict was contrary to the evidence.

Touching the particular point raised by the demurrer, defendants contend that if the petition stated any cause of action it was based upon two conflicting theories:

"First—One theory is the enforcement of the contract and recovery of consideration for the jack.

"Second—The rescission of the contract and recovery of the jack and accounts."

Neither conflict nor inconsistency appears. The petition pleaded all the pertinent facts—the execution of the note, the contract of sale, the default of payment, the failure to return the animal and to turn over the accounts. Surely such a petition was good as against a demurrer. (*The State, ex rel., v. Gerhards,* 99 Kan. 462, 464, 162 Pac. 1149.) The petition stated a cause of action upon a single definite theory—plain-

tiffs' right to recover on account of these several defaults—
and such a pleading violated no rule laid down in *Grentner v.
Fehrenschield,* 64 Kan. 764, 68 Pac. 619, nor any other rule
of good pleading. Plaintiffs' action was founded on breach
of contract. The right to a return of the jack and a delivery of
the accounts was pursuant to the contract, and did not rest on
the legal principles governing the return of property when a
contract is rescinded. No legal question of rescission is in-
volved in this case. It was sufficient for the petition to state de-
fendants' several defaults, and the prayer for alternative relief
was also proper. So long as a petition states a good cause of
action, the prayer for relief is not very important. The
prayer merely voices the plaintiffs' idea of what relief he is
legally entitled to, or what redress will satisfy him. The court
will grant him the relief to which his cause of action alleged
and proved shows him to be entitled, and this relief may or
may not conform in whole or in part to that prayed for by the
plaintiff. (*Smith v. Kimball,* 36 Kan. 474, 493, 13 Pac. 801;
*Walker v. Fleming,* 37 Kan. 171, syl. ¶ 2, 14 Pac. 470; *Smith
v. Smith,* 67 Kan. 841, 73 Pac. 56; *Hardy v. LaDow,* 72 Kan.
174, 83 Pac. 401; *Railway Co. v. Murphy,* 75 Kan. 707, 90 Pac.
290; *Nesbitt v. Chesebro,* 89 Kan. 863, 868, 133 Pac. 545; 31
Cyc. 110, 111.)

Complaint is made of an instruction which imposed on de-
fendants the burden of proving the percentage of foals begot-
ten by the jack. This was a proper instruction. This fact was
peculiarly within the knowledge of defendants. It was for
them to know and to show that fact. The plaintiffs had no
practical means of ascertaining the number of foals. More-
over, the defendants were not to be relieved of payment by a
mere failure in the number of foals. The note was to be paid,
notwithstanding such failure, unless the jack was returned in
good condition together with the breeding accounts. This
feature of the case was also clearly and fairly defined by the
court's instructions.

Defendants complain because a witness was permitted to
testify that the jack was not in a good condition, and that he
was thin and lame about the time he should have been returned
pursuant to the contract if his breeding record was not up to
the guaranty. If the jack had been returned as the contract

provided, his condition would have been important and the evidence would have been competent. Since there was no return of the jack, the evidence complained of was perhaps irrelevant and immaterial; but the judgment did not in any respect rest upon the evidence of the donkey's condition, and it did not prejudice the defendants.

A final contention of defendants is that the verdict was contrary to the evidence. Let us see. It was admitted that the note was not paid. It was shown that the jack was not returned, but in some way had fallen into the possession of the father of the defendant, Emery L. Moore. While copies of the book accounts were furnished to plaintiffs, the original book of accounts was withheld by the father of Moore and the accuracy of the copies was not established. Elsewhere it was shown that defendant Moore said that he had sold his interest in the jack to his father and could not return it. It is true that defendants adduced some evidence tending to show that there was a return of the jack; that one of plaintiffs said, "We have taken the jack back," and that the jack was left temporarily with Moore's father because plaintiffs had no place to keep it; yet this conflict of evidence was for the jury to unravel, and the familiar rule governing a jury's findings in such a state of the evidence controls. (*Wideman v. Faivre,* 100 Kan. 102, 163 Pac. 619; *Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.) The record clearly discloses substantial evidence to support the finding and judgment.

No prejudicial error can be discerned in this record, and the judgment is affirmed.