No. 33,166

LEON HOOPER, Administrator of the Estate of Sophia Hooper, Deceased, *Appellee*, v. THE BANK OF ROBINSON, *Appellant* (Ben H. Hooper et al., *Defendants*).

(64 P. 2d 60)

Opinion filed January 23, 1937.

W. E. Archer, of Hiawatha, J. L. Hunt, Margaret McGurnaghan, John H. Hunt and George M. Brewster, all of Topeka, for the appellant.

Walker F. Means, of Hiawatha, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The defendant, the Bank of Robinson, appeals from an order overruling its demurrer to plaintiff's amended petition.

The petition alleged the appointment and qualification of plaintiff as administrator of the estate of Sophia Hooper, deceased, as well as the status and residence of the several defendants; that defendants Ben H. Hooper and Lois Hooper, his wife, through undue influence and persuasion upon Sophia Hooper, now deceased, the details thereof being alleged, caused her to endorse in blank two certificates of deposit held by her upon the bank for $3,000 and $6,000, respectively, and to write a letter to the bank, directing the issuance of new certificates to and in the name of Ben H. Hooper; that the bank did in fact issue new certificates as a result and that the whereabouts of the $6,000 certificate is unknown to plaintiff; that Ben H. Hooper endorsed the $3,000 certificate and delivered the same without consideration to defendant Reilly, who knew that the plaintiff contended the certificate was procured by the undue influence, fraud and duress of Ben H. Hooper and Lois Hooper upon Sophia Hooper, and that the certificate was an asset of the estate of Sophia Hooper, deceased, and to which plaintiff as administrator was entitled, and that defendant Reilly was not a bona fide purchaser for value; that thereafter defendant Reilly endorsed and delivered the $3,000 certificate to defendant Leavenworth National

Bank, without consideration and for collection only; that thereafter defendant Leavenworth National Bank endorsed and delivered the $3,000 certificate to defendant Commerce Trust Company, without consideration and for collection only; that thereafter defendant Commerce Trust Company endorsed and delivered the $3,000 certificate to defendant The Federal Reserve Bank of Kansas City, Mo., without consideration and for collection only; and that by reason of the facts alleged defendants Reilly and the three banks claimed some right, title or interest in the indebtedness of $3,000, but that in truth and in fact none of the defendants had any right, title or interest in the indebtedness or the proceeds thereof.

It was further alleged that at the time of the original endorsement and transfer of the certificates of deposit, Sophia Hooper actually had on deposit in the bank of Robinson the sum of $9,000 and that said certificates so endorsed were due by their terms, and the amount thereof had never been paid to plaintiffs by any of the defendants; that the indebtedness is an asset of the estate of Sophia Hooper, deceased, and plaintiff is entitled to have the endorsements of the original certificates and the transfer of them to Ben H. Hooper set aside and to have them adjudged to belong to plaintiff as administrator of the Sophia Hooper estate, to be due and unpaid and to have the indebtedness of the Bank of Robinson adjudged to be an asset of the Sophia Hooper estate; that plaintiff is further entitled to have the Bank of Robinson adjudged and decreed to be indebted to plaintiff in the sum of $9,000 and interest by virtue of the original certificates of deposit, and to have defendants Reilly and the three banks through whom the $3,000 was negotiated, barred and excluded from any right, title or interest in the indebtedness of the Bank of Robinson for $3,000, and to have defendants Ben H. Hooper and Lois Hooper adjudged to have no interest in the indebtedness of the Bank of Robinson for $9,000. The prayer of the petition was that the transfer of the original certificates of $3,000 and $6,000 be set aside and that the certificates be adjudged to belong to plaintiff as administrator, to be due and unpaid, and that the indebtedness of the Bank of Robinson for $9,000 be adjudged an asset of the Sophia Hooper estate, and that the bank be adjudged and decreed to be indebted to plaintiff in the sum of $9,000 and interest. We need not notice that part of the prayer asking that the other defendants be barred of any interest in the indebtedness.

To this petition defendant the Bank of Robinson demurred on

three grounds: failure to state a cause of action against this defendant, misjoinder of parties defendant, and misjoinder of causes of action.

Before proceeding further, we call attention to the fact that there is no allegation that any defendant except Reilly was aware of the fraud alleged to have been practiced by defendants Ben H. Hooper and Lois Hooper. We note the petition does not set out the forms of the certificates of deposit issued in the name of Ben H. Hooper, nor is there any allegation of their date, due date, or whether or not they are negotiable, although so far as appellant is concerned, it having issued the certificates is aware of their contents.

Before proceeding to discuss the appeal, some general observations may be made.

So far as the abstract shows, the trial court, in ruling on the demurrer, did not indicate its reasons why it concluded a cause of action was stated. The particular contentions of the parties will be mentioned later.

The code of civil procedure (R. S. 60-704) states the petition must contain a statement of facts constituting the cause of action and a demand of the relief to which the party supposes himself entitled. Although the prayer of the petition before us asks for a money judgment against appellant bank and what is in effect a decree barring all other defendants from any right in the indebtedness involved, assuming that a money judgment against appellant bank is not proper, it does not mean a cause of action is not stated. In *Webster v. Broeker,* 97 Kan. 219, 155 Pac. 15, it was held the prayer was no part of the statement of the cause of action, and in *Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389, it was said:

"The prayer of a petition is merely the pleader's idea of the relief to which he is entitled; it is not a part of the statement of the cause of action; and if the cause of action is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper legal redress, which may or may not conform in whole or in part to the relief prayed for by the pleader." (Syl. ¶ 2.)

While a petition must be drawn upon a single and definite theory, considerable liberality is indulged where no motions have been directed against it. (See the discussion in *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 853, 22 P. 2d 965.)

As its reasons why the petition here does not state a cause of action against the appellant bank, the bank contends that certificates of deposit are in legal effect promissory notes; that when the

original certificates were surrendered they were paid; that the issuance by the bank of new certificates to Ben H. Hooper at that time and when it is not alleged it had notice of any fraud practiced on Sophia Hooper by Ben H. Hooper, relieved it of any liability to Sophia Hooper, or to her administrator, since her death; that it is alleged the $3,000 certificate has been negotiated, the whereabouts of the $6,000 certificate not being alleged; that when these certificates are presented to it for payment, it must respond, and that if it is compelled to pay plaintiff in this action, it may be compelled to pay twice without fault on its part.

In the briefs of both parties considerable space is given to the question whether the surrender of the original certificates by Sophia Hooper and the issuance of new ones to Ben H. Hooper constituted payment of the original certificates, but in our view that question need not be determined.

Leaving aside the relief prayed for, in substance the petition alleged a chain of circumstances under which it is claimed Sophia Hooper was defrauded of her evidences of title to an indebtedness of $9,000 owing by appellant bank to her. It may be said the matter involved in the action is not the certificates of deposit as such but only as evidence of the real subject matter, i. e., the indebtedness. Certainly the petition states a cause of action against Ben H. Hooper. So far as $3,000 of the indebtedness is concerned, it states a cause of action against defendant Reilly and the banks to whom it is alleged the $3,000 certificate was negotiated. If, on trial, plaintiff sustains his burden and proves that the issuance of the second certificate was procured by fraud and that Reilly was aware of it and received the $3,000 certificate from Ben H. Hooper without payment of consideration therefor, and that the banks through whom he negotiated it took it without paying consideration and for collection only, then plaintiff would be entitled to a judgment against appellant bank in connection with his judgment against the remaining defendants. Of course, on trial plaintiff may fail to prove the fraud; Reilly may prove that he purchased for value and without notice of the fraud, if it should be proved; or one of the other banks may prove a good defense, in any of which circumstances appellant bank's liability would be to some one other than plaintiff. But the fact plaintiff may fail in his proof or that some other defendant may have a good defense does not mean that a cause of action is not stated against appellant.

Insofar as $6,000 of the indebtedness is concerned, the state of the pleadings is not so clear. It is alleged that the whereabouts of the $6,000 certificate is unknown to plaintiff. That is not an allegation that Ben H. Hooper does not still possess it. If he does, what has been said about the $3,000 certificate is applicable here.

Essentially the petition alleges ownership of an indebtedness owing by the appellant bank, fraud by which the true owner was deprived of her evidences of title thereto, the issuance of new evidences of title and their present whereabouts, and that the indebtedness has not been paid. Defendant's demurrer admits that it owes the indebtedness. The argument is not that appellant bank does not owe the indebtedness, merely that it may not owe it to plaintiff. In support of that argument, we are given instances of possible specific states of facts whereby it may develop the bank must pay some one other than the plaintiff. Such a result must come from affirmative action. The petition does not disclose that such a result must follow. It seems clear to us that if plaintiff proves the allegations of his petition insofar as $3,000 of the indebtedness is concerned, he will be entitled to a judgment. Insofar as $6,000 of the indebtedness is concerned, he may be entitled to a judgment—that will depend on what showing is made as to the $6,000 certificate. Of course, if the proof shows that the second certificates were issued to Ben H. Hooper, were negotiable in form, and were negotiated by him to third persons for value and without notice, then plaintiff cannot recover. We must and do assume that, on trial, the rights of the appellant bank will be fully protected, and that it will not be compelled to pay plaintiff all or any part of the indebtedness unless and until it has been determined that by such payment it will have fully satisfied its obligation to the proper party.

Perhaps the prayer of plaintiff's petition could be restated to show more clearly the relief to which he claims to be entitled, for under the present state of the record, all he is entitled to as against appellant bank is to preserve the *status quo* until he proves his right to the indebtedness as against all other claimants, but as has been indicated, what a plaintiff may choose to pray for does not determine the sufficiency of his petition.

Under R. S. 60-411, any person "who is a necessary party to a complete determination or settlement of the question involved therein" may be made a defendant in an action. From what has been said we believe it clear the appellant bank is a necessary

party to a complete determination of the matters alleged in the petition.

Appellant has not argued the two remaining grounds of his demurrer: misjoinder of causes of action, misjoinder of parties defendant. However, only one cause of action is stated, that with reference to the $9,000 indebtedness. The fact all of the defendants are not equally interested does not make the one subject of the action divisible into causes of action. Misjoinder of parties defendant is not a ground for demurrer under the code of civil procedure.

The ruling of the trial court is affirmed.