No. 34,573

T. G. Frusher, R. B. Frusher and Helen L. Frusher, *Appellees,* v. Leslie Cobb, *Defendant,* and The A. A. Doerr Mercantile Company, *Appellant.*

(98 P. 2d 89)

Opinion filed January 27, 1940.

*W. H. Vernon* and *Vincent G. Fleming,* both of Larned, for the appellant.
*O. A. Wilson,* of Jetmore, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This action was to recover damages for negligence. Judgment was rendered in favor of defendants. One-half of the costs was taxed to the plaintiffs and one-half to the defendant, the A. A. Doerr Mercantile Company. This appeal is from the order and judgment taxing to defendant a part of the costs, and from the order and judgment overruling the motion of defendant to retax the costs in the action.

In the petition it was alleged that the plaintiffs purchased from the defendant, the A. A. Doerr Mercantile Company, a Delco light electric plant for the purpose of furnishing electric light and power for plaintiffs' home; that the plant was installed by the defendant mercantile company; that the actual labor of the installation was performed by defendant Cobb, agent and employee of the defendant mercantile company, and that by reason of the negligent and improper installation, an explosion was caused resulting in a fire which destroyed plaintiffs' home and all the personal property therein contained. Plaintiffs prayed for judgment in the sum of $6,275.10.

When the case came on for trial it was agreed by counsel in open court that the evidence to be adduced would be too voluminous for consideration by a jury. It seems the property alleged to have been destroyed was unusual—in addition to the usual household furniture, bedding, linens, wearing apparel, etc., the house contained an amazing collection of curios, antiques, heirlooms, paintings, old books, etc., and to establish the value of such articles, item by item, would require the use of expert witnesses. It was agreed that a referee be appointed and that all the issues in the case should be tried and determined by the referee. Accordingly a referee was appointed by the court.

Thereafter, the referee made and filed his findings of fact and conclusions of law. While the findings were in favor of the defendant, the referee recommended that one-half of the costs be assessed against the defendant. Judgment was entered in accordance with the recommendation of the referee, taxing to the defendant company one-half of the referee's fee of $750, and one-half of the reporter's fee of $348, for the transcript of the evidence. The defendant company filed a motion to retax the costs, which was overruled. This appeal followed.

Our statute, G. S. 1935, 60-2928, provides that a referee shall be

allowed such compensation for his services as the court may deem just and proper "which shall be taxed as part of the costs in the case."

G. S. 1935, 60-3303, specifies that no appeal shall be taken to the supreme court in any civil action for the recovery of money unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars, except in certain cases.

In *Vrooman Co. v. Summer*, 110 Kan. 662, 205 Pac. 609, while the plaintiff recovered judgment for part of the amount sued for, the court awarded costs in favor of defendants. In dismissing the appeal for want of jurisdiction, the court said: ". . . The only matter in controversy is the decision as to the recovery of costs. In plaintiff's notice of appeal it expressly stated that this question is the only part of the judgment brought up for review. Limitations have been placed upon appeals, and under the code no appeal lies from a decision where only costs are involved." (p. 663.)

In the case at bar the only question for review is the judgment for costs rendered against defendant. Under the statute, as construed in the Vrooman case, this court is without jurisdiction to entertain the appeal. Furthermore, the defendant company cannot claim that the items in question should have been taxed as costs against the defeated party by the trial court, and now assert on appeal that such items are not to be considered as costs within the meaning of the statute.

For the reasons stated the appeal must be dismissed. It is so ordered.