No. 38,642

W. A. FINK, *Appellee,* v. NETTIE E. FINK, *Appellant.*

(244 P. 2d 184)

Opinion filed May 10, 1952.

*Howard W. Harper,* of Junction City, argued the cause, and *Lee Hornbaker,* of Junction City, was with him on the briefs for the appellant.

*I. M. Platt,* of Junction City, argued the cause, and *Charles I. Platt,* of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This appeal is from an order of the district court

denying defendant's motion to set aside as void a decree of divorce granted to plaintiff in this action; also, from an order of the court overruling defendant's motion to retax the costs.

We shall speak of the parties as they appeared in the trial court. Sometime in January, 1951, plaintiff filed his petition in the district court of Geary county, of which Junction City is the county seat, alleging that he resided at 526 West Second Street in Junction City, although temporarily living at Hays; that plaintiff and defendant were married September 11, 1910, in Wabaunsee county; that four children were born to them, all of whom are of age and self-supporting; that after the marriage plaintiff inherited from his parents a 291-acre farm in Wabaunsee county which defendant, "through her dominating personality and methods and by intimidation of the plaintiff," induced him to sell and to permit her to use the proceeds to purchase two properties in Junction City, one at 126 East Tenth Street and the other at 120 East Second Street, the legal descriptions of which were given; that they thereafter jointly acquired a property at 526 West Second Street in Junction City, the legal description of which was given, and which was utilized as the homestead of the parties; that after acquiring these properties and getting the title in her name defendant so conducted herself as to drive plaintiff from the home; informed him that he was no longer wanted in the home, and refused to consent to his having any part of the property; that during the last few months the parties lived together defendant's treatment of plaintiff was cruel and inhuman; that she accused him of adultery and locked him in a closet at night with the apparent purpose to drive him from the home. The prayer was for a decree that plaintiff is the owner of the properties at 126 East Tenth Street and 120 East Second Street, and that he have such interest in the property at 526 West Second Street as the court might deem proper; that the court make an equitable division of all other property owned by the parties, and for such other and further relief as the court might deem equitable and just.

To this petition defendant filed an answer in which she admitted the marriage and the birth of the children, but denied generally other allegations of the petition not specifically admitted; alleged that in 1920 plaintiff inherited the Wabaunsee county farm; that the same was sold, and that the properties at 126 East Tenth Street and at 120 East Second Street were purchased with the pro-

ceeds of the sale of that farm; alleged that the property at 526 West Second Street was purchased with her own money; that all the properties had been improved at her expense; that in August, 1949, plaintiff voluntarily left to go to the home of their son Ralph; that prior to the time he left he was guilty of extreme cruelty to defendant and of adultery, and that plaintiff had been drawing approximately $500 a year unemployment compensation.

Defendant also filed a cross petition in which she said she was lawfully married to plaintiff on September 11, 1910, which relation had since continued; that she was then and had been continuously for more than one year an actual, bona fide resident of Geary county; that during all the time mentioned she properly conducted herself as his wife and had given him no reason for conduct on his part as set out; alleged that plaintiff had been guilty of extreme cruelty toward defendant and that he had been guilty of adultery, and made several paragraphs of her answer pertaining to the property a part of her cross petition; alleged that for most of the time from 1933 to 1945, and later, she had practically supported the family and educated the children; that she was in bad health and was in need of an operation. The prayer was that she be divorced from plaintiff and have set off to her all of the property to which she had legal title and for such other relief as to the court seemed proper.

Plaintiff filed an appropriate reply to the answer, and also filed an answer to the cross petition.

The trial of the case consumed two days and the record tends to show that quite a little feeling had arisen between the parties since the action was filed. The journal entry recites that counsel for plaintiff in the opening statement as to what the evidence would show announced to the court that while no application had been made for divorce plaintiff would be willing that a divorce be granted to him if the court believed the evidence justified it and did not justify the granting of the divorce to defendant. It also showed that a similar statement was made in the closing argument. The court specifically found "that the parties hereto are now and have been actual residents in good faith in the state and Geary county for more than one year next preceding the filing of the petition." The court specifically found the property which should go to each of the parties and the value thereof. The court found that plaintiff should have the real estate at 126 East Tenth Street, valued at

$3,500, and the real estate at 120 East Second Street, valued at $4,500, and some personal property at those places of the value of $30, making a total value of the property plaintiff should receive of $8,030. The court found that defendant should have the real property at 526 West Second Street, valued at $7,000, the household furniture at that place, valued at $1,000, and the automobile, found to be worth in excess of $1,200, making a total value of $9,200, and that defendant should pay the costs of the action. The court further found that a few days before the trial defendant had executed a deed to her son, Kenneth W. Fink, for the property at 120 East Second Street and had also executed a deed to her daughter, Eldamae Laverne (Fink) Hoyle, for the real property at 126 East Tenth Street, and that such deed had no legal effect that constitutes a cloud upon the title to the property which should be awarded to plaintiff, and its decree directed that defendant, within thirty days from the date of the decree, get quitclaim deeds from the grantees of those deeds to plaintiff or pay the reasonable cost of quieting title of the properties in plaintiff. The court further found that the evidence on behalf of defendant on her cross petition for divorce was not sufficient to warrant the granting of a divorce to her, but that the evidence on behalf of plaintiff showed that defendant had been guilty of extreme cruelty and gross neglect of duty on the part of defendant toward plaintiff and that it would be to the best interests of society as a whole and the parties themselves in particular that the divorce be granted to him. An appropriate decree was rendered granting plaintiff a divorce from defendant and dividing their property in harmony with the findings. From this decree the defendant attempted to appeal to this court, but the papers filed in this court for such an appeal showed that the procedure provided by our statute (G. S. 1949, 60-1512) had not been complied with, as a result of which the appeal was dismissed upon the plaintiff's motion. Our mandate dismissing the appeal went down and was spread of record in the district court in October, 1951. Defendant then employed new attorneys who had not represented her in the district court but who now appear for her. On November 6, 1951, they filed two motions, one to vacate as void the judgment and decree rendered in the court, the other to retax the costs. These motions were presented to and considered by the court on November 10, 1951, and were by the court overruled. These are the rulings of which defendant, as appellant, now complains.

In this court counsel for appellant submit as the first question for our determination: "Did the trial court err in overruling defendant's motion to vacate its judgment granting plaintiff a divorce?" It must be noted this is not an appeal from the decree of the court granting plaintiff a divorce. The attempt to appeal from that decree was dismissed. This is an appeal from an order overruling plaintiff's motion, filed November 6, 1951, the pertinent portion of which reads:

"Comes now defendant and moves the court for an order vacating and setting aside the judgment and decree rendered herein June 20, 1951, granting plaintiff a divorce from defendant and assessing attorney fees of $250.00 against her for plaintiff's attorneys, for the reason said judgment and decree in these particulars is void and of no effect."

This motion was filed under the authority of our statute (G. S. 1949, 60-3009), which reads:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

Although the statute itself is not mentioned, counsels' argument is that the court had no jurisdiction to grant plaintiff a decree of divorce or to assess costs, including an attorney's fee, against defendant. They cite a number of cases in which it was held that a judgment and decree of a court which lacks jurisdiction to render the judgment or decree is void. We think everyone will agree to that. We point out that our Constitution (art. 2, § 18) provides:

"All power to grant divorces, is vested in the district courts, subject to regulation by law."

And our legislature, by chapter 60, article 15, G. S. 1949, has regulated the subject by law. We point out, also, that both parties were before the court and that the defendant had specifically presented the question of the granting of the divorce to the court by her cross petition. Appellant's real contention is that plaintiff's petition was inadequate to justify the granting of a divorce to plaintiff for the following reasons:

(a) Plaintiff's petition did not specifically allege that he had been an actual resident in good faith of the state of Kansas for one year prior to the filing of the petition. The pertinent statute (G. S. 1949, 60-1502) reads:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, . . ."

The statute does not say that the petition must specifically allege that fact, although normally the statutory wording is used in divorce petitions. Plaintiff did allege that he was a resident of Junction City; that his address was 526 West Second Street; that the property he utilized was a homestead of the parties; that the parties had lived in Wabaunsee county, where he had real property which was sold and property in Junction City purchased, all of which would tend to show that he was a resident of the state in good faith for more than a year. The defendant in her cross petition specifically alleged that she had been a resident of the state for more than one year prior to the filing of her cross petition. The evidence, of course, is not before us. But the court did find, as previously quoted herein, that both of the parties to the action had been actual residents in good faith of the state of Kansas for more than one year prior to the filing of the petition.

( b ) It is pointed out that the plaintiff in his petition did not comply with G. S. 1949, 60-1519, by alleging the "causes relied upon as nearly as possible in the language of the statute." ( G. S. 1949, 60-1501. ) Plaintiff did allege:

"The defendant has so conducted herself as to drive the plaintiff from the home, and has informed him that he is no longer wanted in the home, and has refused to consent to his having any portion of the property; . ⌐ . that during the last few months that plaintiff and defendant lived together, her treatment of him was cruel and inhuman, such conduct being an apparent part of her scheme to drive him from the home, that she might have and acquire all the property; that defendant falsely and without the slightest foundation, accused plaintiff of adultery, and to make his stay in their home impossible, locked him in a closet at night, with a small bed to sleep upon."

These allegations amount to extreme cruelty and gross neglect of duty, and while they are not in the specific language of the statute there was no motion to strike or to make them more definite and certain. Defendant was not misled by them, and certainly they did not bar the court of jurisdiction to hear the matter.

( c ) Counsel did point out that plaintiff in the prayer of his petition did not specifically ask that he be granted a divorce. The prayer did ask that certain specific property be set off to plaintiff, that the court make an equitable division of all the property owned by the parties, "and for such other and further relief as the court may deem equitable and just." At the time of the trial, when plaintiff advised the court that he would be willing to have a decree of divorce granted to him if the court found defendant was not en-

titled to it, it would have been better for plaintiff to have amended the prayer of his petition. Did the fact that he did not do so deprive the court of jurisdiction to grant him a divorce? We think not. In *Thompson v. Thompson*, 168 Kan. 450, 213 P. 2d 641, the first paragraph of the syllabus reads:

"A husband filed an action for divorce and defendant wife in a cross petition asked for separate maintenance, during the trial she stated on the witness stand she wished a divorce, *held*, it was proper for the court to give her judgment for a divorce for the fault of the husband where the facts warranted it."

These situations do not arise often, but we find a late case from California where the situation was identical to the one before us. In *Henzgen v. Henzgen*, 62 Cal. App. 2d 214, 144 P. 2d 428, it was held:

"In a divorce action, where the complaint, one of the counts of which alleged extreme cruelty, concluded with a prayer for alimony, support for the minor children, an award of all the community property, and 'for such other and further relief as may to the Court seem just and equitable,' but did not pray specifically for a divorce, the trial court nevertheless had jurisdiction to grant a divorce to the plaintiff."

To the same effect, see *Brooks v. Brooks*, 184 Md. 419, 41 A. 2d 367.

In *Smith v. Smith*, 67 Kan. 841, 73 Pac. 56, the wife filed a petition against her husband setting out facts which would warrant the entering of a decree for divorce and alimony, or for alimony alone, but in the prayer asked for alimony alone. A decree was entered granting a divorce and alimony to plaintiff. The judgment of the trial court was affirmed. While the prayer of the petition may be looked to as an aid or interpretation (*Staley v. Espenlaub*, 127 Kan. 627, 274 Pac. 261), it is merely the pleader's idea for relief to which he is entitled. It is not·a statement of the cause of action, and if a cause of action is sufficiently stated and proved the court will adjudge and decree the proper legal redress, which may or may not conform to the relief prayed for by the pleader. (*Eagan v. Murray*, 102 Kan. 193, 170 Pac. 389.) In *Snehoda v. National Bank*, 115 Kan. 836, 840, 224 Pac. 914, it was said "that an amendment to a prayer of a petition is seldom an important matter and never an essential one to the correct administration of justice."

The question of the granting of a divorce was in this case from the time defendant filed her cross petition. From the beginning of the trial it was well known that the plaintiff would accept a divorce

if the court found from the evidence he was entitled to receive it and that the defendant was not entitled to a divorce. Plaintiff's contention in that regard was repeated in the closing argument to the trial court. The result is that the trial as conducted included the question of whether a divorce should be granted to anyone, and if so, to whom. We think it clear that it cannot be said that the court was without jurisdiction to hear the evidence and grant the divorce to plaintiff notwithstanding the fact that in the prayer of his petition he had not asked for a divorce.

The second question presented for our consideration is whether the court erred in overruling defendant's motion to retax the costs. Insofar as this motion asks us to review the merits of the ruling of the court with respect to costs, it is not an appealable order, for the reason that no appeal lies from the judgment involving only costs. (*Frusher v. Cobb*, 151 Kan. 287, 98 P. 2d 89; *Waugh v. Kansas City Public Service Co.*, 157 Kan. 690, 143 P. 2d 788.) Appellant, however, contends that the petition in the case, since no divorce was requested in the prayer, simply presented the case for the division or recovery of property. Assuming, without deciding, that could be said of the petition as it was filed, certainly, after defendant's answer and cross petition and the statement of plaintiff's attorney at the opening of the trial of the case and the final argument, the case lost that characteristic and became an action for divorce and a division of property, so this point is not material. Counsel for appellee in their brief advise us that the allowance of an attorney's fee for plaintiff was regarded by the trial court as a part of the division of the property; that the trial court having given plaintiff the two pieces of property, with a small amount of personal property, then of the value of $8,030, and having given the wife the homestead of the parties with its contents, valued at $8,000, there was left to divide the automobile, which the court found to be of the value of at least $1,200, and resolved the disposition of it by giving defendant the automobile and requiring her to pay the costs, including an attorney's fee of $250. Perhaps that was the way it happened. The abstract itself, however, does not disclose the matter. In any event we think it was a matter within the discretion of the court and its ruling thereon is not the basis of an appeal here.

We find no error in the record. The judgment of the trial court is affirmed.